IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE LITERARY WORKS IN ELECTRONIC            1:00-md-1379- GBD
DATABASES COPYRIGHT LITIGATION

**DEFENSE GROUP'S MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL**

These cases were commenced in September 2000, thought by the parties to be settled in 2005, and are before this Court again after complex and lengthy appellate proceedings. The objectors' appeal was initially derailed by the Second Circuit's *sua sponte* rejection of the settlement on jurisdictional grounds not raised (or supported) by any party, a disposition unanimously reversed by the Supreme Court. On remand, the panel rejected nearly all the arguments advanced by the objectors, but vacated the settlement solely on the procedural ground that authors of unregistered works should have been separately represented.

Now, after extensive negotiations in which claimants of unregistered works were independently represented, only one class member has interposed an objection on the merits, which is patently without merit.

It is more than past time for this *Jarndyce v. Jarndyce*-like litigation to be concluded. The revised settlement agreement agreed to by all the named plaintiffs complies with the directives of the Second Circuit in its disposition of the appeal and is fair, reasonable, and adequate under any standard. Approval of the proposed settlement under Rule 23(e) would enable claimants who have been awaiting compensation for nearly nine years (September 28, 2014, will be the ninth anniversary of the previous approval) to enjoy the agreed-on sums.

## ARGUMENT

The central factors in assessing the fairness and adequacy of a proposed settlement involve the adequacy of the process, so that the court has some basis for determining that the

1

result is "fair, adequate, and reasonable, and not a product of collusion."  *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000).  To evaluate whether or not a class settlement is fair, a district court examines the negotiations that led up to the settlement and the substantive terms of the settlement.  *Weinberger v. Kendrick*, 698 F.2d 61, 73-74 (2d Cir. 1982); *In re Holocaust Victim Assets Litig.*, 105 F. Supp. 2d 139, 145 (E.D.N.Y. 2000).  In assessing adequacy and fairness, the factors to be considered include, among others, the risks of establishing liability, the risks of establishing damages, and the risks that a class would not be certified or, if certified, maintained through trial.  *Charron v. Wiener,* 731 F.3d 241, 247 (2d Cir. 2013); *Robertson v. National Basketball Ass'n*, 556 F.2d 682, 684 n.1 (2d Cir. 1977); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

The Defense Group — comprised of the defendants and participating publishers listed in Exhibit A to the Revised Settlement Agreement — agrees with the conclusion of plaintiffs' counsel, in their memorandum of law in support of final class certification and settlement approval, that the requirements of Rule 23 for certifying a settlement class and settling class claims have been met; that the Revised Settlement Agreement is the product of a fair process; that the Revised Settlement Agreement is substantively fair, reasonable and adequate to class members; and that the Court should enter a final order of approval.

In the interests of brevity and not imposing on the Court's time, the defense group relies on the broad arguments advanced in plaintiffs' memorandum of law, and will not re-argue those same points.

In addition, because the Revised Settlement Agreement took as its starting point the 2005 settlement agreement, we rely — to the extent that the court has any question regarding the procedural fairness of the process through 2005 or the risks of failure plaintiffs faced — on the

prior showing made by the defense group in that regard. *See* Declaration of Charles S. Sims, MDL 1379, dkt #136 (September 19, 2005), and Points I and II of the brief filed by the defense group in support, dkt #135 (September 19, 2005). Those submissions document the fairness of the initial negotiations and the enormous risks plaintiffs faced (and still face) in obtaining any relief for the class members, and especially with respect to works in which copyright had not been registered.

The Supreme Court's unanimous decision in 2010 made clear that class members could not have obtained, from any court, either coercive or damages relief for any unregistered works, because 17 U.S.C. § 411(a) provides that no copyright claim may be instituted until "registration of the copyright claim has been made in accordance with this title." *Reed Elsevier Inc. v. Muchnick*, 559 U.S. 154, 157-58 (2010). The parties' decision to settle on terms that provide compensation to such authors, without the burden and expense of registration, only emphasizes the benefits of the settlement and the fairness, adequacy, and reasonableness of the settlement for all class members, under all the circumstances.

## CONCLUSION

For all the forgoing reasons, and those set forth in the plaintiffs' memorandum, plaintiffs' motion for final approval of the Revised Settlement Agreement should be granted.

Respectfully submitted,

PROSKAUER ROSE LLP

By: /s/ Charles Sims
Charles S. Sims
Eleven Times Square
New York, New York 10036
212-969-3950
*Attorneys for Reed Elsevier Inc.*

3

James F. Rittinger, Esq.
Satterlee Stephens Burke & Burke
230 Park Avenue
New York, N.Y. 10169
*Attorneys for The Dialog Corporation,
Thomson Corporation, Gale Group, Inc.,
West Publishing Company*

Henry B. Gutman, Esq.
Simpson Thacher
425 Lexington Avenue
New York, N.Y.  10017
*Attorneys for Dow Jones Reuters Business
Interactive, LLC, now known as Factiva, LLC, a
wholly owned subsidiary of Dow Jones & Company,
Inc.*

Matthew Walch
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606
*Attorneys for ProQuest Company, now known as
Voyager Learning Company, and ProQuest
Information and Learning Company, now known as
ProQuest Information and Learning, LLC*

Christopher M. Graham, Esq.
Levett Rockwood P.C.
33 Riverside Avenue
Westport, CT 06880
*Attorneys for NewsBank, Inc.*

Ian C. Ballon, Esq.
Greenberg Traurig LLP
1840 Century Park East, Ste. 1900
Los Angeles, CA  90067
*Attorneys for Knight-Ridder, Inc.,
predecessor-in-interest to The
McClatchy Company, Knight
Ridder Digital, now known as
McClatchy Interactive West, and
Mediastream, Inc.*

        James Hallowell, Esq.
        Gibson Dunn & Crutcher LLP
        200 Park Avenue, 47th Fl.
        New York, N.Y. 10166
        *Attorneys for Dow Jones & Company, Inc.*

        Michael Denniston, Esq.
        Bradley, Arant, Rose & White, LLP
        2001 Park Place, Suite 1400
        Birmingham, Alabama 35203
        *Attorneys for EBSCO Industries, Inc.*

        Kristen McCallion, Esq.
        Fish & Richardson PC
        Citicorp Center – 52nd Floor
        153 East 53rd Street
        New York, N.Y. 10022
        *Attorneys for Union Tribune Publishing Company*

        Kenneth Richieri, Esq.
        General Counsel, The New York Times Company
        620 Eighth Avenue
        New York, N.Y. 10018
        *Attorney for The New York Times Company.*

June 3, 2014
New York, New York