UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x

IN RE LITERARY WORKS IN ELECTRONIC     :     1:00-md-01379 (GBD)
DATABASES COPYRIGHT LITIGATION
                                                        :
------------------------------ x

MEMORANDUM OF LAW IN SUPPORT OF
MOTION BY EMILY BASS TO SUPPLEMENT THE RECORD

Emily M. Bass, Esq.
Law Offices of Emily Bass
551 Fifth Avenue, 28th Floor
New York, N.Y. 10176
(212) 260-3645
email: emilybassesq@gmail.com

Movant, Non-Lead Counsel

A. The Second Circuit is Entitled To A Record That Accurately Reflects
<u>Arguments and Information That Were Presented to The District Court</u>.

> "It need hardly be stated that the trial record is composed of the proceedings in the District Court including all papers, exhibits, and affidavits on file with the Court. See 9 Moore's Federal Practice (1975 ed.), PP 210.03, 210.04. It is not the type of paper submitted but rather the fact of filing which determines whether a particular item will be included in the record."

*International Business Machines Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975). This is true whether the issue is one going to a substantive claim or to attorneys' fees. In this case, attorneys' fees are at issue.

At present, the record in *In re Literary Works In Electronic Databases Copyright Litigation* is so incomplete and omits so many basic documents that it virtually precludes appellate review on the issue of the proper allocation of attorneys' fees. (The basic motion papers, affidavits and exhibits that are missing with respect to the issue are detailed in the accompanying Affirmation.)

This motion is intended to remedy this deficit and enable an appeal to go forward. It is brought *inter alia* under the Court's supervisory jurisdiction, under Rule 23(h) of the Federal Rules of Civil Procedure and Rule 10(e) of the Federal Rules of Appellate Procedure.

> "In the words of a leading commentator, if for any reason 'the record on appeal on a given case may fall short of being an accurate account of events,' in the district court, the purpose of Rule 10(e) is 'to provide a means of correcting a defective record." 9 Moore's Federal Practice (2d ed. 1990) at p. 10-46."

*Delia v. Itochu Int'l, Inc.*, 93 CIV. 8064 (CSH), 1995 WL 390289 (S.D.N.Y. July 3, 1995*), aff'd*

*sub nom. Delia v. Itochu Int'l*, 89 F.3d 825 (2d Cir. 1995). It permits the Court to supplement the record "[w]here anything material to a claim on appeal is omitted from the record …". *United States v. Aulet*, 618 F.2d 182 (2d Cir. 1980)(citations omitted).

Unless the record is supplemented or corrected, as requested, the Court of Appeals will effectively be deprived in this case of its ability to undertake judicial review.

B.   The District Court Can Rule On This Motion Notwithstanding
     The Commencement Of An Appeal

So as not to miss the thirty day deadline, movant will shortly be filing a notice of appeal. Movant will advise the Court of Appeals that this motion is pending before the District Court and that a decision is expected in due course.

This Court clearly has both the power and authority to supplement the record, notwithstanding the commencement of an appeal. If that were not so, subdivisions (1) and (2)(B) of Rule 10 of the Federal Rules of Appellate Procedure would make no sense. The first subdivision requires parties to go to the district court to "settle" differences regarding the record even after the commencement of an appeal. The second subdivision is permissive. It states "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded . . by the district court before or after the record has been forwarded." (F.R.A.P. 10(e)(2)(B))(emphasis added).

Accordingly, the fact that movant will shortly file a notice of appeal should have no effect on this motion.

Should the District Court disagree and believe that it lacks authority to act, even as to

matters concerning composition of "the record," then I would respectfully request that, pursuant to Rule 62.1(a)(3), Fed.R.Civ.P., it "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

B. Movant Invites A/B Counsel To Consent To Supplementation
   Of The Record

Unfortunately, a "motion to supplement" is not one of the enumerated motions that can be handled via letter-motion. See Electronic Case Filing Instructions, section 13.1. So, I have proceeded in accordance with Local Rule 6.1 and provided for the possibility of full briefing and formal responses.

The fact that the rules don't currently provide for a simpler or more streamlined means of dealing with this issue, however, doesn't mean that the Court or parties cannot find one.

Towards that end, although A/B Counsel have until 7/23 to formally oppose the motion, I invite them, instead, to consent so that the Court's time is not taken up with matters upon which the parties should agree as a matter of course.

## Conclusion

For all of the forgoing reasons and the reasons set forth in the Affirmation, I respectfully request that the Court granted counsel's Motion to Supplement the Record.

Dated: July 9, 2014  
      New York, New York

Respectfully submitted,

_____s/Emily M. Bass_____  
Emily M. Bass, Esq.  
Law Offices of Emily Bass  
551 Fifth Avenue, 28th Floor  
New York, N.Y. 10176  
tel.: (212) 260-3645  
email: emilybassesq@gmail.com

Movant, Non-Lead Counsel